MARK E. MILLER (S.B. #130200) – markmiller@omm.com
DARIN W. SNYDER (S.B. #136003) – dsnyder@omm.com
THOMAS B. REES (S.B. #233348) – trees@omm.com
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Plaintiff
MICREL, INCORPORATED

THOMAS J. FRIEL, JR. (S.B. #80065) – tfriel@cooley.com
MATTHEW J. BRIGHAM (S.B. #191428) – mbrigham@cooley.com
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Defendants
MONOLITHIC POWER SYSTEMS, INC.,
MICHAEL R. HSING, and JAMES C. MOYER

JEFFERY ANNE TATUM (S.B. #83060) - jatatum@tatumgc.com
GENERAL COUNSEL SERVICES
P.O. Box 988
Aptos, CA 95001
Telephone: (831) 768-7481
Facsimile: (831) 768-7528

Attorney for Defendant
MONOLITHIC POWER SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICREL, INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS, INC., a Delaware Corporation, MICHAEL R. HSING, JAMES C. MOYER, and DOES 1-20 inclusive,<br><br>Defendants. | Case No. CV-04-04770 JSW (JCS)<br><br>[PROPOSED]<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled Action will involve the disclosure of confidential information, it is hereby stipulated by and between the Parties through their respective counsel and ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below:

**1.0  Definitions**

    1.1  **"Micrel"** means Micrel, Incorporated.

    1.2  **"MPS"** means Monolithic Power Systems, Inc.

    1.3  **"Hsing"** means Michael R. Hsing.

    1.4  **"Moyer"** means James C. Moyer.

    1.5  "**Designating Party**" means Micrel, MPS, Hsing, or Moyer, or any Non-Party producing documents or information under this Protective Order.

    1.6  "**Receiving Party**" means Micrel, MPS, Hsing, or Moyer.

    1.7  "**Protected Information**" includes documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, tangible things, the information contained therein and all copies, notes, abstracts, excerpts, analyses or other writings that contain, reflect or disclose such information, and includes the following categories of information:

        1.7.1  "**Confidential**" designates information that a Designating Party believes to contain (a) proprietary business, financial, or technical information not readily available to competitors, potential competitors, and/or other third parties, or (b) personal or other information furnished to the Designating Party in confidence by any third party, which information is not known or freely accessible to the general public.

        1.7.2  "**Confidential – Attorneys' Eyes Only**" designates information that the Designating Party reasonably believes contains proprietary business, financial, or technical information the disclosure of which is likely to cause harm to the competitive position of the Designating Party. Such information may fall into one

or more of the following categories, provided that information falling within these categories may not, solely by virtue of that fact, be appropriately designated Confidential – Attorneys' Eyes Only:

    1.7.2.1    Future Business Plans
    1.7.2.2    Current Business Plans
    1.7.2.3    New Product Development
    1.7.2.4    New Business Development (for old products)
    1.7.2.5    Trade Secrets (as defined by California law)
    1.7.2.6    Proprietary Engineering Information (not generally available to the public)
    1.7.2.7    Competitor Market Analyses
    1.7.2.8    Customer Lists; Costs
    1.7.2.9    Internal Financial/Accounting Information
    1.7.2.10    Operations Information
    1.7.2.11    Distributor Agreements
    1.7.2.12    License Agreements
    1.7.2.13    Foundry Agreements
    1.7.2.14    Development Agreements
    1.7.2.15    Agreements With Sales Representatives
    1.7.2.16    Prices Charged To Customers
    1.7.2.17    Business Relationships With Third Parties

1.7.3    Protected Information shall not include:

    1.7.3.1    information that is in the public domain at the time of disclosure;

    1.7.3.2    information which after disclosure is published or becomes part of the public domain through no fault of a Party receiving information under this Protective Order, but only after it is published or comes into the public domain;

    1.7.3.3    information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure; or

    1.7.3.4    information disclosed by a third party having the legal right to do so.

    1.8    "**Document**" shall have the meaning ascribed to it in Federal Rule of Civil Procedure Rule 34(a).

    1.9    "**Employees**" means full-time employees and also temporary personnel who are providing secretarial, clerical, and/or administrative services only.

**2.0    Designations of Protected Information**

    2.1    Each Designating Party who produces or discloses any material that the Designating Party reasonably believes to comprise Protected Information may designate the same Confidential, or Confidential – Attorneys' Eyes Only.

    2.2    Documents may be designated as Confidential only if, prior to production, the document is clearly marked on every page or item with a legend which states:

CONFIDENTIAL

    2.3    Documents may be designated as Confidential – Attorneys' Eyes Only only if, prior to production, the document is clearly marked on every page or item with a legend which states:

CONFIDENTIAL – ATTORNEYS' EYES ONLY

    2.4    Answers to Interrogatories may be designated as the appropriate category of Protected Information by a statement made on the cover page and by a designation in each answer indicating that the answer includes and identifying the appropriate category of Protected Information.

    2.5    Counsel of record shall exert their best efforts to raise claims of confidentiality prior to the disclosure of Protected Information.

    2.6    A Designating Party that inadvertently fails to mark information as Confidential or Confidential – Attorneys' Eyes Only at the time of production shall have ten (10) business days thereafter in which to correct such failure. Any such correction and notice thereof shall be made in writing, accompanied by appropriately marked substitute copies of such information. Within five (5) business days of receiving the substitute copies, the Receiving Party shall return or destroy the unmarked information and all copies thereof.

2.7 All information produced shall be considered and treated as Confidential – Attorneys' Eyes Only until expiration of the ten day period specified in Section 2.6.

**3.0    Designation of Protected Information in Depositions**

3.1 At any deposition session, when counsel of record for a Party deems that a question and/or the answer to a question will result in the disclosure of Protected Information, counsel may designate the portion of the transcript containing such question and/or answer as Confidential or Confidential – Attorneys' Eyes Only.

    3.1.1 Any portion of a transcript designated as Protected Information shall be transcribed separately from the remainder of the transcript of the deposition.

    3.1.2 Counsel of record for the Designating Party may also request that all persons other than the individuals specified in Section 4.1 or 4.2 of this Protective Order, as appropriate, leave the deposition room during the portion of the deposition in which Protected Information is disclosed. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel of record to advise the witness not to answer the question.

    3.1.3 Where appropriate in light of the amount of Protected Information likely to be disclosed at a given deposition, counsel of record for the Parties involved in the deposition may agree at the beginning of the deposition that the entire transcript shall be designated Confidential or Confidential – Attorneys' Eyes Only subject to review of the transcript and withdrawal of any unnecessary Confidential or Confidential – Attorneys' Eyes Only designation within thirty (30) days of receipt of the transcript.

    3.1.4 Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as Protected Information on the record at the deposition shall have thirty (30) calendar days following the mailing (via overnight mail) of the transcript or videotape by the court reporter or videographer to correct such failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portions of the transcript

or videotape that contain Protected Information, and directing the reporter to mark that portion of the transcript or videotape accordingly.

**4.0    Disclosure of Protected Information**

    4.1    Information designated Confidential may only be disclosed to the following persons:

        4.1.1   outside counsel of record for Micrel, MPS, Hsing, or Moyer in this Action and their Employees who are assisting in this litigation and whose duties require access to Protected Information;

        4.1.2   independent experts and/or consultants retained by counsel of record for Micrel, MPS, Hsing or Moyer, subject to the provisions of Section 5.0 of this Protective Order;

        4.1.3   not more than one (1) in-house attorney for Micrel or MPS, and Employees who are assisting such in-house attorney in this litigation and whose duties require access to Protected Information, subject to the provisions of Section 5.0 of the Protective Order;

        4.1.4   not more than one (1) other Employee or representative of each Party subject to the provisions of Section 5.0 of this Protective Order;

        4.1.5   third parties specifically retained to assist outside counsel in copying or computer coding of documents, but only for purposes of copying or computer coding Protected Information;

        4.1.6   qualified persons taking or recording testimony involving Protected Information and their Employees whose duties require access to Protected Information;

        4.1.7   the Court and the Court's staff; and

        4.1.8   persons who created or who are shown to have previously received the material designated as Confidential information.

    4.2    Information designated Confidential – Attorneys' Eyes Only may only be disclosed to persons falling within the categories specified in Sections 4.1.1, 4.1.2, 4.1.5,

4.1.6, 4.1.7, and 4.1.8 of this Protective Order for the stated purposes.

    4.3    Micrel's April 1, 2005 Cal. Code Civ. Proc. § 2019(d)[1] Identification of Trade Secrets and Micrel's supplemental statement served in response to the Order announced by the Court at the July 15, 2005 hearing may be disclosed to Michael R. Hsing and James C. Moyer, even if designated Confidential – Attorneys' Eyes Only.

    4.4    No person (other than those persons identified in Sections 4.1.1, 4.1.5, 4.1.6, and 4.1.7) shall have access to Protected Information without having first read, acknowledged and agreed in writing (in the form of the Declaration for Protective Order attached hereto as Exhibit A) to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by the Party obtaining them, and copies of such written acknowledgments shall be provided to all counsel of record upon request. Persons who are permitted access to Protected Information under this Protective Order solely for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute written acknowledgments but are otherwise bound by all terms of this Protective Order.

    4.5    In the event that information requested from a Designating Party contains a third-party's confidential or proprietary information, the Designating Party will make a good faith attempt to obtain consent of the third party prior to disclosing such information. If the Designating Party cannot obtain the third-party's consent, the Designating Party will notify the Receiving Party of (a) the existence of the information, and (b) the identity of the third party. If possible, the Designating Party may also redact the third-party's confidential or proprietary information to protect the third-party's interest. Nothing in the Protective Order shall be interpreted to affect any Party's obligation to produce responsive documents or information, notwithstanding the fact that it may contain a third-party's confidential or proprietary information.

    4.6    Notwithstanding the above, a former employee of a Designating Party may be examined or deposed and may testify concerning the Protected Information (i) that was

---

[1] As of July 1, 2005, this section was re-designated Cal. Code Civ. Proc. § 2019.210.

STIPULATED PROTECTIVE ORDER
CASE NO. CV-04-04770 JSW (JCS)     - 7 -

created by the former employee, or (ii) that is shown to have been reviewed by the former employee during the period or periods of his/her employment.

**5.0    Objections to Disclosures**

5.1    Not less than ten (10) business days prior to the initial disclosure of Protected Information to any person falling under the provisions of Sections 4.1.2, 4.1.3, or 4.1.4 of this Protective Order, the Party proposing to make such disclosure shall serve (by facsimile and e-mail) on the Designating Party (and to the opposing Party, if the Designating Party is other than Micrel, MPS, Hsing or Moyer) the name, address, present employer and title (for in-house attorneys, a description of their job responsibilities), resume, and a signed Declaration in the form of Exhibit A of the proposed recipient. In the case of outside consultants/experts, the disclosure shall also include (a) an identification of any past or present employment or consulting relationship with any party or any related entity, and (b) an identification of other cases in which the consultant/expert has testified at trial or in deposition in the last four (4) years.

5.2    Within the period before disclosure of the Protected Information to the proposed recipient, the Designating Party whose Protected Information is concerned may serve (by facsimile and e-mail) upon counsel for all Parties a written objection to such disclosure. Any written objection shall state with specificity the reason(s) for such an objection. Such an objection shall stay disclosure to the proposed recipient. Failure to serve a written notice of objection within ten (10) days shall be deemed approval for disclosure to a proposed recipient.

5.3    If a written objection is served pursuant to Section 5.2 of this Protective Order and the objection is not resolved by meeting and conferring within ten (10) business days of service of the notice of written objection, the Party seeking to prevent disclosure shall file and serve a motion with respect to such objection within twenty (20) business days after service of the notice of written objection. Failure to file such a motion within the prescribed period shall preclude a Party from objecting to the disclosure of Protected Information to the proposed recipient to whom the objection is directed. The disclosure of

STIPULATED PROTECTIVE ORDER
CASE NO. CV-04-04770 JSW (JCS)                - 8 -

1 Protected Information to such proposed recipient shall be withheld pending the ruling of the Court on any such motion. On any such motion, the Party seeking to prevent disclosure to a proposed recipient shall have the burden of establishing good cause to support its objection and shall use reasonable means to expedite the hearing upon the objection.

5.4   If, at any time during the pendency or trial of this Action, counsel for any Party claims that a Designating Party is unreasonably or improperly designating information as Confidential or Confidential - Attorneys' Eyes Only, the objecting Party may serve a captioned notice of objection on all Parties, identifying with particularity the items to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. If the Designating Party does not re-designate the material within ten (10) business days after service of such notice, the objecting Party may file and serve a motion for an order that the material be re-designated. On any such motion, the Designating Party shall have the burden of proof. The original designation shall remain effective until three (3) business days after an order re-designating the materials.

**6.0   Use of Protected Information**

6.1   Protected Information disclosed pursuant to this Protective Order shall, unless otherwise ordered by this Court, be used by a recipient thereof solely for the purpose of this Action and not for any business or competitive purposes or for any other reason.

6.2   No person shall disclose to anyone not specified in Section 4.0 of this Protective Order any Protected Information without prior written consent of the Designating Party or further order of this Court.

**7.0   Court Filings Including Protected Information**

7.1   With respect to any written material constituting or disclosing Protected Information that is filed with the Clerk of the Court, including Court papers, the parties shall comply with Local Rule 79-5. The parties shall also submit a complete unredacted

STIPULATED PROTECTIVE ORDER
CASE NO. CV-04-04770 JSW (JCS)

- 9 -

chambers copy of any brief or supporting papers lodged under seal with all confidential material highlighted.

**8.0      Pretrial and Trial**

8.1      This Protective Order is intended to regulate the handling of Protected Information during the pretrial period of this litigation, but shall remain in force and effect thereafter until modified, superseded or terminated on the record by agreement of the Parties hereto or by order of this Court.

8.2      Subject to the Federal Rules of Evidence, Protected Information may be offered in evidence at trial or any Court hearing in this Action, provided that:

8.2.1   the proponent of the evidence advises the Court and the Designating Party that Protected Information will be offered prior to its offer;

8.2.2   the evidence be received *in camera* or under other conditions to prevent disclosure to any persons other than the judge, the jury, the court reporter, counsel of record, any witness testifying with respect to the evidence, and other persons who are entitled to receive the appropriate category of Protected Information under the terms of this Protective Order; and

8.2.3   the trial transcript is treated in the manner specified in Section 7.0 of this Protective Order.

**9.0      General Provisions**

9.1      Not later than thirty (30) days after final termination of this Action with respect to any Party, that Party shall, at the option of the Party, either return to the Designating Party or destroy all Protected Information in its possession, except such pretrial and trial records as are regularly maintained by outside counsel in the ordinary course of business, which records must be protected in conformity with this Protective Order.

9.2      If Protected Information is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure must immediately inform the Designating Party of all pertinent facts relating to such disclosure

and shall make every effort to prevent disclosure by each unauthorized person who received such information.

9.3   In the event that any person who has had access to Protected Information leaves the employ of a Receiving Party, the Designating Party shall be given written notice of such departure and written confirmation of that person's understanding that he or she remain bound by this Protective Order.

9.4   This Protective Order is intended to provide a mechanism for the handling of Protected Information, the disclosure or production of which is objected to only on the basis of confidentiality.  Each Party reserves the right to object to any disclosure of information or production of any document it deems Protected Information on any other ground it may deem appropriate.  The designation of Protected Information pursuant to this Protective Order shall not create any presumption with respect to the confidential, proprietary, or trade secret nature of any information, documents or things.

9.5   Inadvertent production of privileged attorney work-product or attorney-client communications shall not be deemed a waiver of any attorney-client privilege or attorney work-product immunity that may apply thereto if (a) a request for return of such documents or information is made promptly after the Designating Party learns of the inadvertent production, (b) the Designating Party took reasonable precautions to prevent the disclosure of the inadvertently produced document, and (c) the extent of the inadvertent production was reasonable.  Upon written request, the Receiving Party shall promptly return the inadvertently produced material.  If the Receiving Party disputes in Court whether the inadvertently produced material is privileged or argues that a privilege has been waived, the Receiving Party shall not withhold return of the inadvertently produced material pending resolution of that dispute.  Notwithstanding the above, it is not the intent of this paragraph to either extend or diminish the scope of any privilege or immunity that may apply to the inadvertently produced material.

9.6   This Protective Order may be amended without leave of the Court by the agreement of counsel for the Parties in the form of a stipulation that shall be filed in this

1 | case.

2 |     9.7    Nothing in this Protective Order shall limit or restrict the manner in which
3 | Micrel and MPS shall handle its own Protected Information.

5 | Dated: July 20, 2005      MARK E. MILLER
    DARIN W. SNYDER
6 |     THOMAS B. REES

7 |     O'MELVENY & MYERS LLP

9 | By: /s/ Thomas B. Rees
    Thomas B. Rees
    Attorneys for Plaintiff
10 |     MICREL, INCORPORATED

12 | Dated: July 20, 2005      THOMAS J. FRIEL, JR.
    MATTHEW J. BRIGHAM
13 |

14 |     COOLEY GODWARD LLP

15 | By: /s/ Matthew J. Brigham
    Matthew J. Brigham
16 |     Attorneys for Defendants
    MONOLITHIC POWER SYSTEMS, INC.,
17 |     MICHAEL R. HSING, and
    JAMES C. MOYER

19 | Dated: July 20, 2005      JEFFERY ANNE TATUM

20 |     GENERAL COUNSEL SERVICES

22 | By: /s/ Jeffery Anne Tatum
    Jeffery Anne Tatum
    Attorney for Defendant
23 |     MONOLITHIC POWER SYSTEMS, INC.

STIPULATED PROTECTIVE ORDER
CASE NO. CV-04-04770 JSW (JCS)      - 12 -

1  Filer's Attestation: Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that
2  concurrence in the filing of this document has been obtained from the other signatories

4  Dated: July 20, 2005                    By: /s/ Thomas B. Rees
5                                              Thomas B. Rees
                                                Attorney for Plaintiff
6                                               MICREL, INCORPORATED

9                                    **ORDER**

10 PURSUANT TO STIPULATION, IT IS SO ORDERED:

11 Dated: July  21  , 2005

12                                         /s/ Joseph C. Spero

13                                         ~~Honorable Jeffrey S. White~~
                                           UNITED STATES ~~DISTRICT~~ JUDGE
14                                                    MAGISTRATE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICREL, INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS, INC., a Delaware Corporation, MICHAEL R. HSING, JAMES C. MOYER, and DOES 1-20 inclusive,<br><br>Defendants. | Case No. C 04-04770 JSW (JCS)<br><br>**DECLARATION FOR STIPULATED PROTECTIVE ORDER** |

1. I, _____, hereby certify my understanding that Protected Information is being provided to me pursuant to the terms and restrictions of the Protective Order in the above mentioned Action.

2. I reside at _____.

3. I am presently employed as (position) _____ by (name and address of employer) _____.

4. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by the provisions of the Protective Order. I will maintain all Protected Material in a secure manner and prevent unauthorized access to it. Not later than thirty (30) days after the conclusion of this Action, I will return the Protected Material to the counsel who provided me with the Protected Material.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this \_\_\_ day of _____, 200\_\_, at _____.

_____
Signature