**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICREL INC., a California corporation,

    Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation, MICHAEL R. HSING, JAMES C. MOYER, and DOES 1-20 inclusive,

    Defendants.
_____/

No. C 04-04770 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 30, 2005:

    The Court **tentatively GRANTS IN PART and DENIES IN PART** Defendant Monolithic Power Systems, Inc. ("MPS")'s motion to dismiss the state law claims in Plaintiff Micrel, Inc.'s Second Amended Complaint ("SAC"). The Court **tentatively GRANTS** Defendants' motion as to Micrel's claims for misappropriation of trade secrets pursuant to California's Uniform Trade Secrets Act, Civil Code §§ 3426 *et seq.* and for common law misappropriation and **tentatively DENIES** the motion as to Micrel's claims for breach of confidentiality agreements and for violations of California Business and Professions Code Section 17200. The Court has reviewed the parties' memoranda of points and authorities and,

thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have fifteen minutes to address the following questions:

(1) Micrel alleges that although Michael R. Hsing told Micrel that he was leaving so he could return to graduate school, he actually left Micrel and founded MPS three weeks later. (SAC ¶ 1.) When did Micrel learn that Hsing founded MPS and did not return to graduate school in Florida?

(2) Micrel alleges that although James C. Moyer told Micrel that he was leaving because he wanted to retire, he actually joined MPS within weeks of leaving Micrel. (SAC ¶ 1.) When did Micrel learn that Moyer joined MPS?

(3) Micrel alleges that MPS gained knowledge of Micrel's proprietary information through Cynthia Moyer, James Moyer's daughter. When did Micrel learn that Ms. Moyer shared Micrel's proprietary information with MPS?

(4) How similar are cold cathode fluorescent lamps ("CCFL") in U.S. Patent Nos. 6,114,814 ("the '814 Patent") to electro-luminescent lamp drivers ("ELLD")? Would the issuance of the '814 patent regarding CCFLs have put Micrel on notice that the defendants used or disclosed Micrel's confidential information regarding ELLDs?

(5) U.S. Patent Nos. 6,222,278 ("the '278 Patent") states in the detailed description of the preferred embodiment that the prior art structure of U.S. Patent Nos. 5,517,046 ("the '046 Patent") has been modified in the invention disclosed in the '278 patent. Given this statement, how would the issuance of the '046 patent have put Micrel on notice that the defendants used or disclosed Micrel's confidential information?

2

1  (6)  Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: September 28, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE